UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROLYN CARNAHAN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>BIG FISH GAMES, INC., a Washington corporation,<br><br>*Defendant*. | Case No.<br><br>**COMPLAINT—CLASS ACTION**<br><br>**JURY DEMAND** |

Plaintiff Carolyn Carnahan brings this case, individually and on behalf of all others similarly situated, against Defendant Big Fish Games, Inc. ("Big Fish Games" or "BFG") to enjoin BFG's unfair or deceptive trade practice of charging its customers monthly recurring membership fees while failing to adequately inform its customers of those fees, and to obtain redress for all persons injured by this conduct. Plaintiff, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and upon information and belief, including investigation conducted by her attorneys, as to all other matters.

**NATURE OF THE ACTION**

1. Big Fish Games is a leading company in the so-called "casual games" industry—that is, computer games designed to appeal to a mass audience of casual gamers. The games are

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

accessible via BFG's website, www.BigFishGames.com, typically for $6.99.

2. During the online process of purchasing a game, BFG fails to adequately inform its customers that, once BFG obtains their credit or debit card information, BFG will automatically enroll the customers in a "monthly membership" program. The result: BFG begins indefinitely charging small fees (often as much as $8.00) to its customers' credit or debit cards on a monthly recurring basis.

3. To date, BFG has wrongfully reaped considerable sums from this unfair or deceptive trade practice of failing to make clear to its customers that it would charge small but recurring membership fees to their credit or debit card accounts.

4. This class action seeks to (i) prevent BFG from continuing its unfair or deceptive practice of omitting key information from its online purchase process, (ii) inform previous purchasers of BFG's wrongful practices, and (iii) recover actual damages for those who have incurred BFG's ongoing charges.

**PARTIES**

5. Plaintiff Carolyn Carnahan is a natural person and a citizen of the State of Washington.

6. Defendant Big Fish Games, Inc. is a corporation incorporated under the laws of the State of Washington with its principal place of business at 333 Elliott Avenue West, Suite 200, Seattle, Washington 98119. Defendant conducts business throughout this District, Washington state, and the United States.

**JURISDICTION AND VENUE**

7. Federal subject-matter jurisdiction exists under 28 U.S.C. § 1332(d)(2) because (a) at least one member of the class is a citizen of a state different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interests and costs, and (c) none of the exceptions under that subsection apply to this action.

8. The Court has personal jurisdiction over Defendant because Defendant is licensed to conduct business in this District, maintains its headquarters and principal place of business in

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

this District, conducts significant business transactions in this District, and because the wrongful conduct occurred in and emanated from this District.

9. Venue is proper in this District under 28 U.S.C. 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and because Defendant is licensed to conduct business in this District and maintains its headquarters and principal place of business in this District

## FACTUAL ALLEGATIONS

### I. An Overview of Defendant BFG

10. Founded in 2002, BFG describes itself as "the world's largest producer of casual games." In 2013, BFG posted over $260 million in gross revenue from the sales of thousands of casual games, including "Big Fish Casino," which it claims is "the #1 mobile social, free-to-play casino game."[1]

11. BFG generates revenue primarily through three methods. First, consumers purchase games outright from BFG for a specified price – generally under $20. Second, consumers download "free" games from BFG but later spend money on additional in-game features (*e.g.*, extra chips for the virtual casino). Third, BFG charges consumers small but recurring fees on their credit or debit card accounts after enrolling them in BFG's membership program, the "Big Fish Game Club," at a typical cost of $6.99 to $8.00 per month.[2] BFG claims that these memberships provide consumers with game discounts.

12. The unfortunate reality is that BFG omits informing its customers adequately about the monthly recurring fees, and BFG enrolls the vast majority of game purchasers into BFG's membership program while failing to adequately inform them of this key fact.

---

[1] Press Release, Big Fish Games, *Big Fish Celebrates 11th Consecutive Year of Record Growth* (Jan. 28, 2014), http://pressroom.bigfishgames.com/2014-01-28-Big-Fish-Celebrates-11th-Consecutive-Year-of-Record-Growth (last visited July 21, 2014).

[2] *About the Big Fish Game Club*, http://www.bigfishgames.com/store/gameclub.html (last visited July 21, 2014).

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

## II. BFG Enrolls Consumers in its Membership Program

13. The BFG website is divided into various categories of platforms that its game are compatible with (i.e., games for PCs, Macs, Online, iPads & iPhones, Android). Figure 1 below shows the main BFG homepage, with these categories circled in red.

**(Fig. 1.)**

14. Hovering the mouse cursor over one of the categories causes a drop-down menu to display the different types of games available under each platform, as shown in Figure 2 below.

**(Fig. 2.)**

15. After choosing a game type and selecting which game to play, the consumer is presented with a screen that lists the game's purchase price and an option to "Buy Now." (*See*

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

Figure 3 below, with the "Buy Now" button circled in red.)

(Fig. 3.)

16. Clicking on the "Buy Now" button directs the visitor to a webpage with instructions to create a BFG account by inputting login credentials (e-mail and password). (*See* Figure 4 below, showing the BFG account creation page.)

(Fig. 4.)

17. Once the user's BFG account is created, the user proceeds to another webpage and enters billing information to complete purchase of the game. A "Subtotal" heading displayed on the screen also lists the game's purchase price—but this page is highly misleading because

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

BFG omits any information whatsoever about the ongoing charges that the consumer is unwittingly signing-up for.

**A. BFG omits disclosing the terms of its membership program**

18. Figure 5 below shows the BFG webpage where game purchasers are instructed to enter their credit or debit card information. Of importance, the "Big Fish Game Club Free Trial" (circled in red in Figure 5) is automatically selected and added to the customer's order without any affirmative action from the consumer.

**(Fig. 5.)**

19. BFG's practice of omitting any information about ongoing monthly fees that will be charged to a customer's credit or debit card, while automatically pre-selecting the Big Fish Game Club Free Trial for inclusion with a customer's order without their affirmative action, is an unfair or deceptive trade practice. Because BFG omitted the key information that the membership program has an ongoing monthly cost, a consumer reasonably expecting to pay the purchase price listed (*e.g.*, $6.99) has no motive or reason to inspect the terms of the free membership trial automatically included in their order.

20. If, by chance, a consumer did spot the unilaterally pre-added item and examine further, he or she might notice the word "FREE" displayed prominently under the "Subtotal" heading and adjacent to the "Big Fish Game Club Free Trial." (*See* Figure 5 above.) Underneath

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

this line, a description of the program reads: "Save 30% or more on this purchase and get member perks free for 1 month. No commitment, cancel any time. See Details." *Id.*

21. If the customer finishes the order process and *does not* un-check the "Big Fish Game Club Free Trial," 30 days later BFG begins indefinitely charging $6.99 or more to the credit or debit card that the customer used to purchase the game. Yet BFG provides no warning whatsoever during the checkout process that the customer will be charged on a monthly recurring basis.

22. The only way that consumers could possibly discover the true terms of BFG's membership program (*i.e.*, that they will be charged $6.99 or more indefinitely) is if he or she (1) actually notices the additional item in their checkout "Cart," and (2) takes affirmative steps to click on a small hyperlink labeled "See Details" shown in <u>Figures 4 & 5</u> above. Upon clicking the hyperlink, the screen shown in <u>Figure 6</u> below appears in the user's web browser.

**(<u>Fig. 6.</u>)**

23. The non-descript phrase "See Details" fails to adequately inform customers that purchasing a game will result in a monthly charge to their credit or debit card. BFG never emphasizes that the consumer *should* review the terms accessible by clicking the "See Details" hyperlink, never flags the importance of reviewing the "See Details" page, and detracts from the importance of the "See Details" hyperlink by placing the word "FREE" directly next to the "cost" of the membership trial program.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

24. In short, because of BFG's omissions, it is virtually certain that there is no informed consent or meeting of the minds as to the purchase of this membership program.

**B. Scores of customers have complained to BFG about its unfair or deceptive omissions, yet BFG continues its practices**

25. BFG knows that customers who discover its undisclosed monthly charges are upset. For instance, affected consumers routinely contact BFG—including through its Facebook page—and publish complaints on major online forums, expressing anger and disappointment about the charges.[3] These complaints describe the same conduct at issue here, including customers who were unwittingly enrolled in a BFG monthly membership program and were charged recurring monthly fees. Some describe interactions with BFG in trying to get the charges reversed as long ago as 2008.[4] At a minimum, this demonstrates the long-term pervasive nature of BFG's conduct and BFG's knowledge that its conduct caused customers to make payments from their credit or debit card accounts without their knowledge or consent.

26. Unsurprisingly, the Better Business Bureau reports on its website that it's only able to publish 30% of the consumer complaints about BFG to avoid having to "maintain a large volume of complaints."[5] A significant number of those grievances are from customers complaining that they never knew they signed up for the Big Fish Game Club and/or would be charged a recurring monthly fee.

---

[3] *See, e.g.*, July 24th post to Big Fish Games Facebook page, https://www.facebook.com/bigfishgames/posts/10153041591429966; June 21st post, https://www.facebook.com/bigfishgames/posts/10152954517724966; June 18th post, https://www.facebook.com/bigfishgames/posts/10152947569419966.

[4] *See, e.g.,* http://www.ripoffreport.com/r/Bigfishgames-Big-Fish-Games/internet/Bigfishgames-Big-Fish-Games-Big-Fish-Games-auto-charging-my-account-Internet-334282 and other complaints posted on the same site.

[5] *See* BBB Business Review, http://www.bbb.org/western-washington/business-reviews/games-and-supplies/big-fish-games-in-seattle-wa-39000589/complaints (last visited July 24, 2014).

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

27. BFG customer representatives often respond to these customer complaints and, because they have addressed the issue so many times, re-use identical canned answers such as: "I understand that it was not necessarily your intent to have this membership, so if you like, I can cancel your Game Club membership."[6]

28. The repeated complaints from BFG customers regarding the Big Fish Game Club's undisclosed monthly recurring charges, coupled with the responses from BFG employees, provide unmistakable evidence that BFG has actual knowledge that its business practice is unfair or fraudulent. Rather than modify or eliminate this practice, BFG continues to hide the terms of its membership program – all to continue profiting from its failure to inform.

**C. BFG's actions contravene well-established rules against advertising that fails to provide key information and "negative-option" offers**

29. The Federal Trade Commission ("FTC") maintains that "a marketer must disclose clearly and conspicuously any information necessary to prevent an advertisement or promotion from materially deceiving consumers."[7] BFG's method for enrolling customers into its membership program does not adhere to this FTC standard.

30. BFG's strategy—intentionally omitting key information that there is a recurring monthly cost for this membership program in order to cause customers to unwittingly enroll—has such a high potential for unfairness or deception that the FTC has a name for it: "negative option" marketing. In 2009, the FTC released a 40-page report detailing the problems with negative option offers. The report enumerates the following unfair or deceptive tactics that marketers should avoid:

---

6 *See id.*

7 Fed. Trade Comm'n, *Negative Options* (Jan. 2009), *available at* http://www.ftc.gov/sites/default/files/documents/reports/negative-options-federal-trade-commission-workshop-analyzing-negative-option-marketing-report-staff/p064202negativeoptionreport.pdf.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

- "[E]ffective negative option disclosures must inform consumers about the nature of the purchase . . . If customers do not see or read the disclosures, they cannot provide informed consent to the offer. Without informed consent, a consumer's acceptance is not valid. In the negative option context . . . disclosures should inform consumers of the . . . terms of the transaction, as well as the continuing relationship with the seller."

- "[M]arketers should avoid: placing [disclosures] far down on web pages . . . ; burying them in long paragraphs of dense text; and displaying them such that consumers must enlarge the screen containing the terms . . ."

- "Avoid using links to disclose information, such as cost information, that is an integral part of or inseparable from a negative option offer . . ."

- "[D]isclosure text should not be: small; in long passages that are single spaced . . . ; or in colors that do not adequately contrast with the webpage background."

- "[M]arketers should not rely on pre-checked boxes, which consumers may neither notice nor read before completing their order, as evidence of consumers' consent."[8]

31. Measured against the FTC's guidance, BFG's method of enrolling customers in its membership program is unfair or deceptive and provides no evidence of customers' informed consent to the recurring charges. BFG pre-selects a checkbox during the order process that results in the customer becoming enrolled in its membership program. The disclosures explaining the terms of the membership program (*i.e.*, that the customer's credit or debit card will automatically be charged $6.99 per month) is omitted completely from that page, and accessible (but buried in small text) only by clicking on a hyperlink labeled "See Details."

32. BFG's marketing practices run counter to the FTC's guidelines. And, BFG has actual notice that its practices are unfair or deceptive and cause consumers to incur monthly

---

[8] *Id.*

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

credit or debit card charges without their prior awareness or consent, as evidenced by its communications with aggrieved consumers.

**III. Plaintiff Carnahan's Experience**

33. In late 2010, Plaintiff Carnahan visited BFG's website (www.BigFishGames.com) and viewed BFG's advertisements—substantially similar to those depicted in Figures 1 & 2 above—about the BFG gaming platform.

34. Seeking to learn more about games for her Mac, Plaintiff navigated to the "Mac Games" section on BFG's website and then browsed through the categories of available options.

35. After selecting a specific game, Plaintiff recalls being presented with a screen that listed the game's purchase price along with an option to purchase and download it.

36. Plaintiff then clicked on the download button and was directed to a webpage where she was instructed to create a BFG account. That webpage also displayed an itemized list of the games and services that she was going to receive, including her game for approximately $6.99 as well as the "Big Fish Game Club Free Trial" which BFG represented was "FREE."

37. At no point during this process did BFG present Plaintiff with the terms and conditions or otherwise clearly and conspicuously disclose to her that she would be charged nearly $8.00 per month by completing the transaction.

38. Instead, BFG presented Plaintiff with advertisements that omitted this key information and were designed to make her believe that she would have to pay for only the game she selected.

39. As a result of BFG's omissions, Plaintiff submitted her credit card information and agreed to pay for her game.

40. Shortly thereafter, BFG started placing recurring monthly charges in the amount of $7.59 on Plaintiff's credit card, which BFG intended her not to notice and which she in fact did not notice. Plaintiff never authorized or consented to being charged for subscription services offered by BFG.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

41. BFG continued to charge Plaintiff the recurring monthly fee for approximately eighteen months before Plaintiff noticed this unknown additional charge on her monthly credit card statement. At that point, she immediately contacted BFG and demanded a refund. BFG refunded Plaintiff for twelve months' worth of the unauthorized charges and would not refund her the full amount that BFG took.

## CLASS ALLEGATIONS

42. **Class Definition**: Plaintiff Carnahan brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on behalf of herself and a Class of similarly situated individuals, defined as follows:

> All persons in the United States who: (1) submitted payment information for a BFG game(s); (2) in conjunction with that purchase, were enrolled by BFG in the Big Fish Game Club; and (3) were charged and paid monies beyond the "Total" price appearing on the BFG checkout webpage.

Excluded from the Class are (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and those entity's current and former employees, officers, and directors, (2) the Judge or Magistrate to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons who properly request for exclusion from the Class, (4) persons who have had their claims in this matter finally adjudicated and/or otherwise released, and (5) the legal representatives, successors, and assigns of any such excluded person.

43. **Numerosity**: The exact number of members of the Class is unknown and is not available to Plaintiff at this time, but individual joinder in this case is impracticable. The Class likely consists of thousands of individuals who are widely scattered across Washington state and the U.S. Class members can be easily identified through Defendant's records.

44. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions will generate common answers apt to drive the resolution of the litigation. Those questions

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

predominate over any questions that may affect individual members of the Class. Common questions for the Class include but are not limited to the following:

a. whether BFG's conduct constituted, and continues to constitute, an unfair or deceptive trade practice;

b. whether BFG violated the Washington Consumer Protection Act, RCW 19.86.010, *et seq.*; and

c. whether BFG unjustly received money belonging to Plaintiff and Class members which, under principles of equity and good conscience, should be disgorged.

45. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiff and the Class.

46. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

47. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's policies that Plaintiff challenges apply and affect members of the Class uniformly and Plaintiff's challenge of these policies hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

applicable only to Plaintiff. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same.

48. **Superiority**: This case is also appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. The harm suffered by the individual members of the Class is likely to have been relatively small compared to the burden and expense of individual prosecution of litigation to redress Defendant's actions. Absent a class action, it would be difficult if not impossible for the individual members of the Class to obtain effective relief from Defendant. Even if members of the Class themselves could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties and the Court and require duplicative consideration of the legal and factual issues presented. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

49. Plaintiff reserves the right to revise the foregoing "Class Allegations" and "Class Definition" based on facts learned through additional investigation and in discovery.

## FIRST CAUSE OF ACTION

### Unfair or Deceptive Practices / Consumer Fraud

### (On behalf of Plaintiff and the Class)

50. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

51. Plaintiff and Class members placed orders for one-time purchases of computer games from BFG.

52. Without adequate authorization or informed consent, BFG unilaterally added memberships to the Big Fish Game Club to Plaintiff's and the Class members' orders.

53. Although BFG lists the price of the membership in the Big Fish Game Club as "free," in reality it is not free. After 30 days, BFG began charging Plaintiff and the Class members approximately $6.99 to $8.00 per month.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

54. BFG was and is aware that automatically enrolling customers into the Big Fish Game Club results in the imposition of indefinitely recurring monthly charges onto the credit or debit cards of those customers; and is also aware that many or most customers may not notice those charges on their account statements and pay unwittingly.

55. BFG intended to deceive Plaintiff and Class members into signing up for the Big Fish Game Club by omitting key information about the recurring monthly charge. To that end, BFG automatically added the membership to Plaintiff's and Class members' orders, and BFG listed the price of the membership—in all capital letters—as "FREE."

56. BFG never directed Plaintiff and Class members to click on the "See Details" link next to the Big Fish Game Club membership offer, and therefore never read the small print—on another page altogether—indicating that they would begin incurring monthly charges on their credit or debit cards.

57. Many Class members did not even notice the addition of the Big Fish Game Club membership onto their game order. Those that did, including Plaintiff, relied on BFG's omission of a key term of the transaction—namely, that there was a recurring charge. Yet BFG ultimately charged Plaintiff and Class members monthly membership fees.

58. BFG is in a better position to know about its business practices than Plaintiff and the Class members, and the key information that BFG omitted was material to the transaction. Plaintiff and Class members had a right to rely on BFG's omission of information about monthly recurring charges relating to the Big Fish Game Club.

59. Plaintiff and the Class members were damaged by BFG's practices about which they complain, in that they were charged and paid monthly membership fees for a program that they did not intend to join and/or did not know had a recurring charge.

60. Plaintiff, on her own behalf and on behalf of the Class, seeks damages for the charges she incurred as a result of BFG's unfair or deceptive practices, as well as attorneys' fees, costs, and expenses.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

**<u>SECOND CAUSE OF ACTION</u>**

**Violation of the Washington Consumer Protection Act, RCW 19.86.010 *et seq.***

**(On behalf of Plaintiff and the Class)**

61. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

62. Washington's Consumer Protection Act, RCW § 19.86.010 *et seq.* ("CPA"), protects both consumers and competitors by promoting fair competition in commercial markets for goods and services.

63. To achieve that goal, the CPA prohibits any person from using "unfair methods of competition or unfair or deceptive acts or practices in the conduct of any trade or commerce ..." RCW § 19.86.020.

64. BFG included by default a Big Fish Game Club free trial to Plaintiff's and Class members' orders while omitting to provide information that there would be a monthly recurring charge, which was key to the transaction and which a reasonable consumer would not expect.

65. BFG buried the true terms of the free trial, including the actual monthly cost of the Big Fish Game Club, in fine print on a page that Plaintiff and Class members did not even have to view to place their orders.

66. BFG's means of obtaining what it regarded as consent, and BFG's failure to disclose a material term regarding the true cost of the transactions, were unethical, oppressive, or unscrupulous; and also had a capacity to deceive substantial portions of the public.

67. BFG's wrongful conduct occurred in the conduct of trade or commerce—*i.e.*, while BFG was engaged in the sale of computer games to the public.

68. BFG's acts and practices were and are injurious to the public interest because BFG, in the course of its business, continuously advertised to and solicited the general public in Washington state and elsewhere to purchase computer games and unwittingly sign up for recurring monthly charges based on BFG's omissions. This was part of a pattern or generalized course of conduct on the part of BFG, repeated continuously before and after BFG's sale to

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

Plaintiff. Many consumers have been adversely affected by BFG's conduct and the public is at risk.

69. Further, BFG is headquartered in Washington; BFG's strategies, decision-making, and commercial transactions originate in Washington; many of its key employees reside, work, and make company decisions (including the decision to engage in the challenged conduct) in Washington; and BFG and many of its employees are part of the people of the State of Washington. The conduct that Plaintiff challenges directly or indirectly affects the people of the State of Washington.

70. As a result of BFG's conduct, Plaintiff and the Class members were injured in their business or property—i.e., economic injury—in that they were charged and paid monthly membership fees to which they did not consent.

71. BFG's unfair or deceptive conduct proximately caused Plaintiff's and the Class members' injury because, but for the challenged conduct, Plaintiff and the Class members would not have paid the recurring membership fees; and they did so as a direct, foreseeable, and planned consequence of that conduct.

72. Plaintiff, on her own behalf and on behalf of the Class, seeks to enjoin further violation and recover actual damages and treble damages, together with the costs of suit including reasonable attorneys' fees.

**THIRD CAUSE OF ACTION**

**Unjust Enrichment**

**(On behalf of Plaintiff and the Class)**

73. Plaintiff incorporates the foregoing allegations as if fully alleged herein.

74. Defendant BFG did not enter into an enforceable contract with Plaintiff and the Class members. In the alternative, any applicable contractual terms in existence should be deemed void and unenforceable based upon Defendant's unfair or deceptive conduct.

75. Plaintiff and the Class members conferred a benefit upon BFG. Specifically, BFG received and retained Plaintiff's and the Class members' money by charging them monthly fees

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

for membership in the Big Fish Game Club based on omitting key information.

76. BFG appreciates or has knowledge of this benefit.

77. Under principles of equity and good conscience, BFG should not be permitted to retain money taken from Plaintiff and the Class members through its wrongful conduct.

78. Plaintiff, on her own behalf and on behalf of the Class, seeks restitution of the proceeds from the unauthorized charges that were paid to BFG, and also seeks attorney's fees and costs.

## PRAYER FOR RELIEF

Plaintiff Carolyn Carnahan, individually and on behalf of all others similarly situated, respectfully requests that this Court enter an Order:

a) Certifying this case as a class action on behalf of the Class defined above, appointing Carolyn Carnahan as representative of the Class, and appointing her counsel as class counsel;

b) Declaring that BFG's conduct, as set out above, (i) constitutes unfair or deceptive practices / consumer fraud, (ii) violates the CPA, and (iii) constitutes unjust enrichment;

c) Enjoining BFG from continuing the challenged conduct;

d) Awarding damages to Plaintiff and the Class members in an amount to be determined at trial, including trebling as appropriate;

e) Awarding restitution to Plaintiff and Class members in an amount to be determined at trial, and requiring disgorgement of all benefits that BFG unjustly received;

f) Awarding reasonable attorney's fees and expenses;

g) Awarding pre- and post-judgment interest, to the extent allowable;

h) Entering judgment for injunctive and/or declaratory relief as necessary to protect the interests of Plaintiff and the Class; and

i) Awarding such other and further relief as equity and justice require.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

Dated: August 1, 2014

Respectfully submitted,

LAW OFFICES OF CLIFFORD A. CANTOR, P.C.
By: s/ Cliff Cantor, WSBA # 17893
cliff.cantor@outlook.com
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813
Fax: 425.732.3752

EDELSON PC
Jay Edelson*
jedelson@edelson.com
Rafey S. Balabanian*
rbalabanian@edelson.com
Benjamin H. Richman*
brichman@edelson.com
Eve-Lynn J. Rapp*
erapp@edelson.com
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Counsel for Plaintiff Carolyn Carnahan

*request for *pro hac vice* admission to be submitted

COMPLAINT—CLASS ACTION
Case No.

- 19 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752