1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAROLYN CARNAHAN, individually
and on behalf of all others similarly
situated,

                    Plaintiff,

        v.

BIG FISH GAMES, INC., a Washington
Corporation

                    Defendant.

No. 2:14-cv-01182

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO RULES 12(b)(6) AND 9(b)

NOTE FOR MOTION CALENDAR:
Friday, November 14, 2014

ORAL ARGUMENT REQUESTED

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO RULES 9(B) AND 12(B)(6)
(NO. 2:14-CV-01182)

LEGAL123693721.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................................. 1

II.  STATEMENT OF RELEVANT FACTS ........................................................... 2

    A.   Big Fish Games ..................................................................................... 2

    B.   Big Fish's "Game Club" Subscription Program ..................................... 2

    C.   Carnahan's Allegations Regarding Game Club Disclosures ................. 3

III. ARGUMENT ................................................................................................. 11

    A.   Rule 12 Standards .............................................................................. 11

    B.   Carnahan Does Not State a Claim Under the Washington CPA Because Her
       Factual Allegations Do Not Show that Big Fish's Practices Are Unfair or
       Deceptive ............................................................................................ 11

    C.   The Court Should Dismiss Carnahan's Request for Prospective Equitable
       Relief .................................................................................................. 16

    D.   The Court Should Dismiss Carnahan's Unjust Enrichment Claim Because She
       Has An Adequate Remedy at Law ...................................................... 19

    E.   The Court Should Dismiss Carnahan's Unfair or Deceptive
       Practices/Consumer Fraud Claim Because It Is Duplicative of Her CPA Claim 20

    F.   The Court Should Dismiss Carnahan's Claims for Failure to Satisfy the
       Heightened Pleading Standard Required by Rule 9(b) ........................ 22

IV.  CONCLUSION .............................................................................................. 24

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO RULES 9(B) AND 12(B)(6)
(NO. 2:14-CV-01182) - i

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

LEGAL123693721.3

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Anaya v. Graham*,
  89 Wn. App. 588, 950 P.2d 16 (1998) ...................................................................21

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...........................................................................................11

*Balistreri v. Pacifica Police Dep't*,
  901 F.2d 696 (9th Cir. 1988) .............................................................................11

*Baxter v. Intelius, Inc.*,
  No. SAC V09-1031 AG, 2010 WL 3791487 (C.D. Cal. Sept. 16, 2010) ..............................15, 16

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...........................................................................................11

*Berson v. Applied Signal Tech., Inc.*,
  527 F.3d 982 (9th Cir. 2008) .............................................................................22

*Beyer v. Countrywide Home Loans Servicing LP*,
  No. C07-1512MJP, 2008 WL 1791506 (W.D. Wash. Apr. 18, 2008), *aff'd*, 359 F.
  App'x 701 (9th Cir. 2009) ..................................................................................12

*Castagnola v. Hewlett-Packard Co.*,
  No. C 11-05772 JSW, 2012 WL 2159385 (N.D. Cal. June 13, 2012) .....................................15, 16

*Davis v. Homecomings Fin.*,
  No. C05–1466RSL, 2007 WL 1600809 (W.D. Wash. June 1, 2007) ...........................................17

*Deitz v. Comcast Corp.*,
  No. C 06-06352 WHA, 2006 WL 3782902 (N.D. Cal. Dec. 21, 2006) .......................................18

*Dworkin v. Hustler Magazine Inc.*,
  867 F.2d 1188 (9th Cir. 1989) ...........................................................................21

*Ebeid ex rel. United States v. Lungwitz*,
  616 F.3d 993 (9th Cir. 2010) .............................................................................22

*Edwards v. JPMorgan Chase Bank, N.A.*,
  No. C10-5839BHS, 2011 WL 3516155 (W.D. Wash. Aug. 11, 2011) ..........................................17

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

*Gest v. Bradbury*,
    443 F.3d 1177 (9th Cir. 2006) ...................................................................................17

*Gilliam v. Dep't of Soc. & Health Servs.*,
    89 Wn. App. 569, 950 P.2d 20 ...................................................................................21

*Gutierrez v. Cort*,
    No. C10-1072Z, 2010 WL 5300574 (W.D. Wash. Dec. 21, 2010) ...............................23

*Haberman v. WPPSS*,
    109 Wash. 2d 107, 744 P.2d 1032, 750 P.2d 254 (1987), *appeal dismissed*, 488
    U.S. 805 (1988) .........................................................................................................22

*Hager v. Vertrue, Inc.*,
    No. 09-11245-GAO, 2011 WL 4501046 (D. Mass Sep. 28, 2011) ...............................16

*Hangarter v. Provident Life & Accident Ins. Co.*,
    373 F.3d 998 (9th Cir. 2004) .....................................................................................17

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*,
    105 Wn. 2d 778, 719 P.2d 531 (1986) ........................................................................11

*Hewitt v. Wells Fargo Bank*,
    No. C11-5147BHS, 2011 WL 2144627 (W.D. Wash. May 31, 2011) ...........................23

*Hockley v. Hargitt*,
    82 Wn. 2d 337 (1973) ................................................................................................16

*Hodgers-Durgin v. De La Vina*,
    199 F.3d 1037 (9th Cir. 1999) ...................................................................................17

*Huong Hoang v. Amazon.com, Inc.*,
    No. C11-1709MJP, 2012 WL 1088165 (W.D. Wash. Mar. 30, 2012) .....................23, 24

*In re Vistaprint Corp Mktg. & Sales Practices Litig.*,
    MDL No. 4:08-1994, 2009 WL 2884727 (S.D. Tex. Aug. 31, 2009), *aff'd sub*
    *nom. Bott v. Vistaprint USA Inc.*, 392 F. App'x 327 (5th Cir. 2010) ....................15, 16

*Johnson v. Riverside Healthcare Sys., LP*,
    534 F.3d 1116 (9th Cir. 2008) ...................................................................................11

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ...................................................................................22

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO RULES 9(B) AND 12(B)(6)
(NO. 2:14-CV-01182) - iii
LEGAL123693721.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

*Keithly v. Intelius Inc.*,
764 F. Supp. 2d 1257 (W.D. Wash. 2011),
*on reconsideration*, No. C09-1485RSL,
2011 WL 2790471 (W.D. Wash. May 17, 2011)
..........................................................................................................12, 14, 15, 16

*Kelley v. Microsoft Corp.*,
251 F.R.D. 544 (W.D. Wash. 2008), *certification withdrawn*, No. C07-0475 MJP,
2009 WL 413509 (W.D. Wash. Feb. 18, 2009)...............................................................19

*Knievel v. ESPN*,
393 F.3d 1068 (9th Cir. 2005) ......................................................................................12

*LaPlant v. Snohomish Cnty.*,
162 Wn. App. 476, 271 P.3d 254 (2011)........................................................................21

*Lee v. Am. Nat'l Ins. Co.*,
260 F.3d 997 (9th Cir. 2001) ........................................................................................17

*Leingang v. Pierce Cnty. Med. Bureau, Inc.*,
131 Wn. 2d 133, 930 P.2d 288 (1997)...........................................................................12

*Manufactured Home Cmtys., Inc. v. City of San Jose*,
420 F.3d 1022 (9th Cir. 2005) ......................................................................................22

*Mazon v. Krafchick*,
158 Wn. 2d 440, 144 P.3d 1168 (2006).........................................................................19

*Microsoft Corp. v. Motorola, Inc.*,
No. C10-1823JLR, 2012 WL 395734 (W.D. Wash. Feb. 6, 2012) ................................22

*Monsanto Co. v. Geertson Seed Farms*,
561 U.S. 139 (2010)......................................................................................................16

*Orwick v. City of Seattle*,
103 Wn. 2d 249, 692 P.2d 793 (1984)............................................................................19

*Panag v. Farmers Ins. Co. of Wash.*,
166 Wn. 2d 27, 204 P.3d 885 (2009)........................................................................11, 12

*Robinson v. Avis Rent a Car Sys., Inc.*,
106 Wn. App. 104, 22 P.3d 818 (2001).........................................................................12

*Rowe v. Educ. Credit Mgmt. Corp.*,
559 F.3d 1028 (9th Cir. 2009) ......................................................................................23

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO RULES 9(B) AND 12(B)(6)
(NO. 2:14-CV-01182) - iv

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

*Seattle Prof'l Eng'g Emps. Ass'n v. Boeing Co.*,
  139 Wn. 2d 824, 991 P.2d 1126 (2000), *opinion corrected on denial of
  reconsideration*, 1 P.3d 578 (2000) ..................................................................................19, 20

*Smale v. Cellco P'ship*,
  547 F. Supp. 2d 1181 (W.D. Wash. 2008)..........................................................................12

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) ..............................................................................................22

*Stickrath v. Globalstar, Inc.*,
  527 F. Supp. 2d 992 (N.D. Cal. 2007) ................................................................................18

*Stiley v. Block*,
  130 Wn. 2d 486, 925 P.2d 194 (1996)...........................................................................20, 22

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ............................................................................................23

*Wang v. OCZ Tech. Grp., Inc.*,
  276 F.R.D. 618 (N.D. Cal. 2011)........................................................................................18

*Wasco Prods., Inc. v. Southwall Techs., Inc.*,
  166 Fed. App'x 910 (9th Cir. 2006) ....................................................................................17

**STATUTES**

RCW 19.86.020 ........................................................................................................................11

RCW 19.86.090 ........................................................................................................................16

RCW 19.86.920 ........................................................................................................................12

RCW 49.52 ...............................................................................................................................19

Washington's Consumer Protection Act, Chapter 19.86 RCW...........................................passim

**OTHER AUTHORITIES**

61A Am. Jur. 2d *Pleading* § 438 (2010)................................................................................20

Fed. R. Civ. P. 9(b) ................................................................................................2, 22, 23, 24

Fed. R. Civ. P. 12 ...............................................................................................................11, 20

Fed. R. Civ. P. 12(b)(6)......................................................................................................11, 23

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO RULES 9(B) AND 12(B)(6)
(NO. 2:14-CV-01182) - v
LEGAL123693721.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Fed. R. Civ. P. 12(c) ..................................................................................................12

Fed. R. Civ. P. 12(f) ................................................................................................2, 20

Restatement (Second) of Torts § 563 (1977) ............................................................12

Restatement (Third) of Restitution and Unjust Enrichment § 1 (Discussion Draft Mar.
    31, 2000) ............................................................................................................19

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO RULES 9(B) AND 12(B)(6)
(NO. 2:14-CV-01182) - vi
LEGAL123693721.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# I.   INTRODUCTION

Defendant Big Fish Games, Inc. ("Big Fish") produces and offers "casual" games to consumers worldwide. [1]  Big Fish offers its games for individual sale and through the Big Fish "Game Club" subscription program.  When a consumer signs up for Game Club, before she is charged anything for a subscription, Big Fish tells the consumer in plain and straightforward language that Game Club is a subscription program, and that after a free thirty-day trial period she will be charged a monthly subscription fee until she cancels her membership.

Plaintiff Carolyn Carnahan asserts claims for (i) violation of Washington's Consumer Protection Act ("CPA"), Chapter 19.86 RCW; (ii) unfair or deceptive practices/consumer fraud; and (iii) unjust enrichment.  All of Carnahan's claims depend on her allegation that Big Fish charges consumers for a subscription program without telling them it will do so.  To support this, the Complaint purports to set forth the disclosures that Big Fish makes to consumers.  But the Complaint selectively presents only some of those disclosures.  The rest of the disclosures Big Fish makes to consumers – before charging them anything for their Game Club subscriptions – are set forth in judicially noticeable documents referenced in this Motion, and include the very notice that Carnahan alleges Big Fish fails to provide.

When Big Fish's actual disclosures are accounted for, Carnahan fails to state a claim under any theory of liability.  Because it is neither unfair nor deceptive to offer and enroll consumers in online subscription programs with free trials followed by recurring payments (so long as you tell them so), the Court should dismiss all of Carnahan's claims.  In addition, the Court should dismiss Carnahan's requests for declaratory and injunctive relief because Carnahan lacks Article III standing to request that relief.  The Court should dismiss Carnahan's claim for unjust enrichment because she has an adequate remedy at law, and the Court should dismiss Carnahan's claim for unfair and deceptive practices/consumer fraud because it is duplicative of her CPA claim and therefore subject

---

[1] "Casual" games are distributed through a variety of platforms and appeal to a wide range of consumers, are easy to play yet challenging to master, and typically include game mechanics (such as a solitaire card game) that are familiar or easy to understand.

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO RULES 9(B) AND 12(B)(6)
(NO. 2:14-CV-01182) - 1

LEGAL123693721.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

to dismissal under Rule 12(f). Finally, if the Court does not dismiss Carnahan's claims on the merits, it should dismiss each of them for failure to comply with Rule 9(b).

## II.     STATEMENT OF RELEVANT FACTS

### A.     Big Fish Games

Based in Seattle, Washington, Big Fish provides top-quality, high-performing casual games to a global audience. Big Fish's games are played by millions of consumers, and several of Big Fish's games have ranked #1 in their respective genres. *See* Compl. ¶¶ 1, 6; Press Release, Big Fish Games, Inc., *Big Fish Celebrates 11th Consecutive Year of Record Growth* (Jan. 28, 2014), http://pressroom.bigfishgames.com/2014-01-28-Big-Fish-Celebrates-11th-Consecutive-Year-of-Record-Growth, *cited in* Compl. ¶ 10 n.1.

### B.     Big Fish's "Game Club" Subscription Program

Big Fish offers games both for individual sale and through its Game Club subscription program. *See* Compl. ¶ 11. Subscribers to Game Club receive a number of benefits not available to other customers, including, without limitation, credits that can be used for future game purchases, early access to certain games, and discounts on popular and well-known games. *See id.*; Big Fish Game Club, Inc., *About Big Fish Game Club*, http://www.bigfishgames.com/store/gameclub.html, cited in Compl. ¶ 11 n.2. A subscription to Game Club currently costs $6.99 per month. *Id.*

The first thirty days of Game Club is an initial free trial period, during which a consumer can enjoy the benefits of Game Club before deciding whether to pay to subscribe. The consumer may cancel her subscription at any time, including during the free thirty-day trial period. *See, e.g.*, Compl. ¶¶ 20-21 ("No commitment, cancel anytime."); *see* **Figures A**, **B** *infra* ("You can cancel any time from your My Account page."). Big Fish informs the consumer, both during the sign-up process and after signing up, but before paying anything for her subscription, that she will be charged a monthly fee for her Game Club subscription. For example:

- Before a consumer signs up for Game Club, Big Fish informs her: "You will not be billed for Game Club until your 1 month free trial ends. After your trial, your

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO RULES 9(B) AND 12(B)(6)
(NO. 2:14-CV-01182) - 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

LEGAL123693721.3

membership will continue and you will be charged $ 6.99 (plus applicable taxes) per month.  You can cancel any time from your My Account page." *See* **Figures A**, **B** *infra*.

- Once a consumer signs up for Game Club, but before she is charged anything for her subscription, Big Fish reminds her of the date her free trial will end and her recurring subscription payments will begin, as well as the amount of the monthly payments. *See* **Figures C**, **D** *infra*.

- Also upon sign up and before the consumer is charged anything for her subscription, Big Fish sends her a welcome email (the "Welcome E-Mail"), which identifies the date when her free trial will end and states that "[o]n that date" she will be charged the $6.99 monthly subscription fee.  *See* **Figure F**, **G** *infra*.

In addition, Big Fish makes a consumer's "My Account" page available immediately upon enrollment and before any subscription fee is charged.  That page shows when the consumer will be charged her monthly subscription fee, the amount of the subscription fee, and the method she has designated for payment.  *See* **Figure E** *infra*.  And, as the Complaint acknowledges, before enrolling in Game Club, a consumer can click on the "See Details" link (*see* Compl. Fig. 5 at p. 6; **Figure B** *infra*), which will display a page explaining the "Free Trial Offer Details," including the duration of the free trial, that there will be a $6.99 recurring subscription fee after that, and that the consumer may cancel at any time.  Compl. ¶ 22.

## C.    Carnahan's Allegations Regarding Game Club Disclosures

All of the disclosures referred to above were part of the Game Club enrollment process when Carnahan's counsel drafted the Complaint.  Carnahan nonetheless alleges that Big Fish fails to disclose to consumers that there is a monthly Game Club subscription fee.  *See, e.g.*, Compl. ¶ 19 (Big Fish gives "no warning whatsoever during the checkout process that the customer will be charged on a monthly recurring basis").  Carnahan also alleges, incorrectly, that consumers can discover the terms of the Game Club program only by clicking on a hyperlink.  *See id.* ¶ 21 ("The only way that consumers could possibly discover the true terms of BFG's membership program is if he or she (1) actually notices the additional term in their checkout 'Cart,' and (2) takes affirmative steps to click on a small hyperlink labeled 'See Details.'").

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO RULES 9(B) AND 12(B)(6)
(NO. 2:14-CV-01182) - 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

To support this conclusion, the Complaint presents screen shots that allegedly depict how "BFG Enrolls Consumers in its Membership Program."  Compl. at 4; *id.* ¶¶ 13-24.  But the sequence Carnahan describes presents only a portion of the actual disclosures a consumer receives before her purchase is complete and any enrollment in "Game Club" commences.  *See id.* ¶¶ 17-18 & Fig. 5.

The last screen shot presented by Carnahan is reflected in Figure 5 of the Complaint (Compl., at 6).  This screen shot depicts the page on Big Fish's website where users input billing information. However, it presents an incomplete depiction of the actual consumer experience on that page:

<u>**Complaint Figure 5 (at page 6)**</u>

(**Fig. 5.**)

In this screen shot from the Complaint, all billing information fields (name, country, address, etc.) are left blank.  However, as soon as the consumer indicates her country of residence – which is required to accurately calculate and display the total price for her initial transaction, as well as the amount of the monthly Game Club fees included in the disclosures shown in **Figure A** below – this page automatically refreshes.  Within seconds, a text box opens immediately beneath the "Place Order" button, and reads as shown in **Figure A**:

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO RULES 9(B) AND 12(B)(6)
(NO. 2:14-CV-01182) - 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**Figure A**



By clicking "Place Order", you agree to the Big Fish Game Club Terms of Service, and authorize us to charge the credit card or other payment method you've selected.

You will not be billed for Game Club until your 1 month free trial ends. After your trial, your membership will continue and you will be charged $ 6.99 (plus applicable taxes) per month. You can cancel any time from your My Account page.

Declaration of Charles C. Sipos in Support of Request for Judicial Notice (Oct. 8, 2014) ("Sipos Decl."), Ex. A at 2. These disclosures, which appear before any transaction is complete, are precisely the disclosures that Carnahan incorrectly alleges that Big Fish does *not* display. *See, e.g.*, Compl. ¶¶ 19, 24. In context, the disclosures appear as shown in **Figure B**:

**Figure B**

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO RULES 9(B) AND 12(B)(6)
(NO. 2:14-CV-01182) - 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Sipos Decl., Ex. A at 2.

After being presented with the disclosures shown in **Figures A** and **B**, the consumer might choose not to proceed with the transaction and enroll in Game Club.  In that instance, she will still be able to purchase her selected game, but it will be at a standard, non-discounted price ($9.99 USD for most titles).  Alternatively, the consumer may choose to input the rest of her billing information and click "Place Order."  When she clicks "Place Order," the screen refreshes as the order is processed, then reminds the consumer on an "Order Confirmation" page that she will be charged recurring monthly fees for her Game Club subscription beginning in thirty days.  This is shown at **Figure C**.

### <u>Figure C</u>

## Welcome to your free trial of Big Fish Game Club!



**Enjoy it free for 1 month.**
Your trial ends: 11/01/14
On that date, we'll bill you for your first monthly membership payment of $ 6.99 and you'll receive your first Game Club credit to redeem for a game. Visit My Account for more information.

Sipos Decl., Ex. A at 4.  The disclosure is shown in context at **Figure D,** below.

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO RULES 9(B) AND 12(B)(6)
(NO. 2:14-CV-01182) - 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

LEGAL123693721.3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**Figure D**



26
27

*Id.*

28
29        Additionally, on the "Order Confirmation" page, if the user clicks on the hyperlink to "My

30
31    Account," it opens her account page, which identifies the status of her Game Club membership

32
33    (active or cancelled), reminds her of the exact date on which she will be billed next, specifies the

34
35    monthly fee for her Game Club subscription, and includes a link to cancel her membership.  All of

36
37    this occurs before any monthly recurring fees are charged to the consumer.  This is shown at **Figure**

38
39    **E**, below.

40
41
42
43
44
45
46
47
48
49
50
51

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO RULES 9(B) AND 12(B)(6)
(NO. 2:14-CV-01182) - 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

LEGAL123693721.3

**Figure E**



Sipos Decl., Ex. A at 5.

Big Fish not only presents information about the Game Club subscription fees on its website, it also sends them via email.  When a consumer signs up for Game Club – and before paying any subscription fee – Big Fish sends her a Welcome Email.  The Welcome Email states that the free trial period lasts thirty days, and identifies the exact date on which the consumer will be charged a "[m]onthly billing amount" of $6.99.  *Id.*  The Welcome E-mail also informs the consumer that she "can cancel [her] free trial membership from [her] My Account page any time before [her] free trial ends and [she] won't be charged."  This is shown at **Figure F**, below.

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO RULES 9(B) AND 12(B)(6)
(NO. 2:14-CV-01182) - 8

LEGAL123693721.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19

**Figure F**

**Membership Details**
**Your free trial is good through:**
**11/01/14**

On that date, you'll get your first
Game Club credit to redeem for a
game and your membership will
continue with the following terms:

**Monthly billing amount:**
**$ 6.99**

**Renewal period:**
**1 month**

20  Sipos Decl., Ex. A at 6.  This disclosure is shown in context at **Figure G**:

21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO RULES 9(B) AND 12(B)(6)
(NO. 2:14-CV-01182) - 9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

LEGAL123693721.3

**Figure G**



*Id.* Immediately below the statement of the monthly billing amount and renewal period, the

Welcome E-Mail also reminds the consumer that she "can cancel [her] free trial membership from

[her] My Account page any time before [her] free trial ends, and [she] won't be charged. *Id.*

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO RULES 9(B) AND 12(B)(6)
(NO. 2:14-CV-01182) - 10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

LEGAL123693721.3

### III.   ARGUMENT

**A.   Rule 12 Standards**

To state a claim, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  To meet this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  A complaint's factual allegations are assumed true for purposes of a Rule 12(b)(6) motion, but those allegations must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

When a complaint fails to state a claim upon which relief may be granted, this deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (internal quotation marks and citation omitted).  Dismissal under Rule 12(b)(6) therefore is appropriate when the plaintiff either lacks a "'cognizable legal theory'" or has failed to present "'sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).  Carnahan has failed here in both regards.

**B.   Carnahan Does Not State a Claim Under the Washington CPA Because Her Factual Allegations Do Not Show that Big Fish's Practices Are Unfair or Deceptive**

The Washington CPA prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW 19.86.020.  To state a claim for relief under the CPA, "a plaintiff must establish five distinct elements: (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn. 2d 778, 780, 719 P.2d 531 (1986).

As to the first element, it is well settled that "[w]hether a particular act or practice is 'unfair or deceptive' is a question of law." *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn. 2d 27, 47, 204 P.3d

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO RULES 9(B) AND 12(B)(6)
(NO. 2:14-CV-01182) - 11

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

LEGAL123693721.3

885 (2009) (citing *Leingang v. Pierce Cnty. Med. Bureau, Inc.,* 131 Wn. 2d 133, 150, 930 P.2d 288

(1997)).  Whether a practice is unfair or deceptive depends on whether it has "the capacity to deceive

a substantial portion of the public."  *Robinson v. Avis Rent a Car Sys., Inc.*, 106 Wn. App. 104, 115,

22 P.3d 818 (2001).  In determining whether conduct has the capacity to deceive under the CPA,

Washington courts treat as informative federal case law interpreting similar statutes and evaluating

similar conduct.  *See Panag*, 166 Wn. 2d at 47; RCW 19.86.920 (same).

Applying these standards to CPA claims, courts regularly decide whether an act is unfair or

deceptive at the motion to dismiss stage.  *See Keithly v. Intelius Inc.*, 764 F. Supp. 2d 1257, 1269

(W.D. Wash. 2011) (determining on Rule 12(c) motion to dismiss that a particular aspect of

defendant's subscription program was not unfair or deceptive as a matter of law under the CPA), *on*

*reconsideration*, No. C09-1485RSL, 2011 WL 2790471 (W.D. Wash. May 17, 2011); *Beyer v.*

*Countrywide Home Loans Servicing LP*, No. C07-1512MJP, 2008 WL 1791506 (W.D. Wash. Apr.

18, 2008) (dismissing some CPA claims on motion to dismiss as a matter of law), *aff'd*, 359 F. App'x

701 (9th Cir. 2009); *Smale v. Cellco P'ship*, 547 F. Supp. 2d 1181, 1188 (W.D. Wash. 2008)

(determining "as a matter of law that the disclosures are neither deceptive nor unfair" and granting

motion to dismiss).

At the motion to dismiss stage, in evaluating the context in which a statement appears, a court

"must take into account 'all parts of the communication that are ordinarily heard or read with it.'"

*Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (quoting Restatement (Second) of Torts § 563

cmt. d (1977)); *see also Keithly*, 764 F. Supp. 2d at 1261-62 (considering additional screen shots on

motion to dismiss in evaluating allegation that web-based disclosures were unfair and deceptive).

Here, if the Court considers the disclosures that Big Fish actually makes when a person joins Game

Club, the facts fail to establish an "unfair or deceptive . . . practice" sufficient to state a claim.

The gravamen of Carnahan's CPA claim is that Big Fish's practices are unfair because Big

Fish allegedly does not provide consumers "any information about ongoing monthly fees that will be

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO RULES 9(B) AND 12(B)(6)
(NO. 2:14-CV-01182) - 12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

charged to a customer's credit or debit card."  Compl. ¶ 19 (alleging this as an "unfair or deceptive

trade practice"); *see also id.* ¶ 64 (alleging Big Fish "omit[ed] to provide information that there

would be a monthly recurring charge, which was the key to the transaction and which a reasonable

consumer would not expect") (CPA claim).  But the opposite is true.  Big Fish repeatedly notifies

consumers, before they complete their initial transaction or pay any subscription fees, that their

subscriptions to Game Club will cost $6.99 a month after an initial, free thirty-day trial period.  Big

Fish also informs consumers that they can cancel their membership at any time, even during the trial

period, before they pay any subscription fees.

 Prior to completion of their initial transaction or any enrollment in Game Club, Big Fish

informs consumers:

> By clicking "Place Order", you agree to the Big Fish Game Club Terms
> of Service, and authorize us to charge the credit card or other payment
> method you've selected.
>
> You will not be billed for Game Club until your 1 month free trial ends.
> ***After your trial, your membership will continue and you will be
> charged $6.99 (plus applicable taxes) per month.***  You can cancel any
> time from your My Account page.

Sipos Decl., Ex. A at 2 (**Figures A**, **B** *supra*) (emphasis added).

 Once a consumer initiates her free trial of Game Club, Big Fish informs her:

> Welcome to your free trial of Big Fish Game Club! Enjoy it free for 1
> month.  Your trial ends: [date subscription ends].  ***On that date, we'll
> bill you for your first monthly membership payment of $6.99*** and
> you'll receive your first Game Club credit to redeem for a game.

*Id.*, Ex. A at 4 (**Figures C**, **D** *supra*) (emphasis added).

 Also, once the consumer initiates the free trial, and before she is charged any fees for her

Game Club subscription, she receives the Welcome Email, which states:

> Your free trial is good through: [date free trial ends]
>
> On that date, you'll get your first Game Club credit to redeem for a
> game and your membership will continue with the following terms:
>
> Membership billing amount: $6.99

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO RULES 9(B) AND 12(B)(6)
(NO. 2:14-CV-01182) - 13

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

> Renewal period: 1 month
>
> You can cancel your free trial membership from your My Account page
> any time before your free trial ends and you won't be charged. . . .

*Id.*, Ex. A at 6 (**Figures F, G** *supra*).

In addition, as soon as a consumer initiates the free trial, Big Fish makes available to the consumer a "My Account" page, on which Big Fish displays the date the consumer will be charged for her subscription, how much she will be charged, and the payment method that will be used. *Id.*, Ex. A at 5 (**Figure E** *supra*). The "My Account" page also includes a link that specifically reads: "Cancel My Membership." *Id.* Big Fish includes a link to the consumer's "My Account" page on the "Order Conformation" page that is immediately displayed to the consumer after she has completed her initial transaction and enrolled in Game Club. *See* **Figures C**, **D** *supra*.

In light of these disclosures, Carnahan's claims fail as a matter of law. In a recent analogous case, Judge Lasnik ruled as a matter of law that a plaintiff had not stated a claim under the CPA because the defendant had provided adequate disclosures about anticipated charges for one of its subscription programs. *Keithly*, 764 F. Supp. 2d at 1269. In *Keithly*, the plaintiff challenged three different subscription programs offered by the defendant, each one with its own particular set of disclosures made during the transaction process. As to two of the three subscription programs, the court held that the plaintiff had stated a claim under the CPA because, among other reasons, "[t]he confirmation page contained *no information* regarding what was purchased, the future charges, or how to cancel the subscription service." *Id.* at 1268 (emphasis added). As to the third program, however, the court ruled against the plaintiff. Specifically, the court identified several "material" disclosures the defendant made about future recurring charges for the program, and reasoned that these disclosures rendered the program compliant with the CPA as a matter of law:

> After [the subscription program] was added to [plaintiff's] order at Step
> 3, the "Order Summary" box on the next four screens stated not only
> that [the subscription program] cost $0.00, but also that it could be
> "Cancel[led] anytime. After your trial, you will be billed $19.95 per

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO RULES 9(B) AND 12(B)(6)
(NO. 2:14-CV-01182) - 14

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

LEGAL123693721.3

month."  This disclosure was on the screen when [plaintiff] provided
his payment information.

*Id.* at 1269.  The court went on to explain that "a reasonable consumer could not ignore or skim over

the repeated disclosure of the $19.95 monthly cost, especially when it was conspicuously presented at

the moment the consumer was required to authorize the purchase."  *Id*.  Because the plaintiff in

*Keithly* was repeatedly told about the recurring subscription charges associated with the third

subscription program, the court concluded as a matter of law that the plaintiff had failed to state a

CPA claim with regard to that subscription, and dismissed the claim.  *Id.* ("[Defendant] merely has to

advertise and sell its goods in a manner that is not likely to deceive a substantial portion of the

purchasing public.  Given that standard, the Court finds that [plaintiff] was not, as a matter of law,

subjected to a deceptive practice.").

Other federal courts, in evaluating similar subscription programs, have dismissed consumer

protection claims where consumers are presented with disclosures about a program's potential fees

before charges are incurred.  *See Castagnola v. Hewlett-Packard Co.*, No. C 11-05772 JSW, 2012

WL 2159385, at *9 (N.D. Cal. June 13, 2012) ("[T]he [defendant's] webpage contains four

references to the fact that there are 'Offer Details.'  The 'Offer Details' state that [defendant] would

charge Plaintiff an activation fee of $1.95 and a monthly fee of $14.95.") (dismissing California

consumer protection claim); *In re Vistaprint Corp Mktg. & Sales Practices Litig.*, MDL No. 4:08-

1994, 2009 WL 2884727, at *8 (S.D. Tex. Aug. 31, 2009) ("A review of the webpages, which are

described and quoted in the Complaint, shows that the disclosures and other pertinent information are

provided in a clear, prominent, and conspicuous manner.") (granting motion to dismiss on consumer

protection claims), *aff'd sub nom. Bott v. Vistaprint USA Inc.*, 392 F. App'x 327 (5th Cir. 2010);

*Baxter v. Intelius, Inc.*, No. SAC V09-1031 AG (MLGX), 2010 WL 3791487, at *6 (C.D. Cal. Sept.

16, 2010) ("Due to the disclosures and the affirmative acceptance requirements on the interstitial

webpage, a reasonable member of the public would not likely be deceived.") (granting motion to

dismiss).

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO RULES 9(B) AND 12(B)(6)
(NO. 2:14-CV-01182) - 15

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Like the subscription programs approved in *Keithly*, *Castagnola*, *Vistaprint*, and *Baxter*, before consumers are charged anything for Game Club, Big Fish tells them what they are getting (a subscription), what they will be charged ($6.99 plus tax each month), and when those subscription charges will first go into effect (after thirty days).  *See* Sipos Decl, Ex. A; **Figures A-D** *supra*.  The "Order Confirmation" page and Welcome E-Mail (**Figures C**, **D** and **F**, **G**) are particularly significant because they emphasize what the consumer just ordered, and provide the consumer an immediate opportunity to cancel her membership before incurring any subscription fees.  *See Keithly*, 764 F. Supp. 2d at 1268 (treating as relevant to CPA analysis whether "the transaction confirmation contain[ed] information that would put [plaintiff] on notice that he had purchased more than he intended"); *Hager v. Vertrue, Inc.*, No. 09-11245-GAO, 2011 WL 4501046, at *7 (D. Mass. Sep. 28, 2011) ("Even further, after the enrollment pages . . . a confirmation screen opened thanking [plaintiff] for her enrollment in each program and notifying her that she would be receiving an email with instructions on how to access her benefits.").  This Court should dismiss Carnahan's CPA claim for the same reasons as those in *Keithly, Castagnola*, *Vistaprint*, and *Baxter*:  Carnahan has not alleged facts that establish that the challenged practice was "unfair or deceptive."

## C.     The Court Should Dismiss Carnahan's Request for Prospective Equitable Relief

Carnahan seeks prospective injunctive and declaratory relief.  Prayer for Relief ¶¶ b, c.  The Court should dismiss that request for relief for two reasons.  First, Carnahan has failed to plead any of the requisite elements of a claim for injunctive relief.  See *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156-57 (2010) (plaintiff must demonstrate irreparable injuries, inadequate remedies at law, that the balance of hardships tilts in her favor, and that the injunction is in the public interest).  The only basis for pursuing an injunction in this case is under the CPA.  *See* RCW 19.86.090 (allowing "[a]ny person who is injured" to enjoin future unlawful conduct); *Hockley v. Hargitt*, 82 Wn. 2d 337, 351 (1973) (same).  However, because Carnahan has failed to state a claim under the CPA, she cannot, as a matter of law, obtain any relief under that statute, let alone an injunction.  *Id.;*

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO RULES 9(B) AND 12(B)(6)
(NO. 2:14-CV-01182) - 16

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

LEGAL123693721.3

*see also Edwards v. JPMorgan Chase Bank, N.A.*, No. C10-5839BHS, 2011 WL 3516155, at *3 (W.D. Wash. Aug. 11, 2011) (dismissing requests for injunctive relief on the basis that the plaintiffs "had failed to state a cognizable claim for relief" against the defendant).

Second, even if Carnahan had stated a claim for violation of the CPA, she lacks Article III standing to pursue prospective equitable relief in federal court.  A plaintiff "must demonstrate 'a real and immediate threat that [she] would again' suffer the injury to have standing for prospective equitable relief" in federal court.  *Davis v. Homecomings Fin.*, No. C05–1466RSL, 2007 WL 1600809 at *2 (W.D. Wash. June 1, 2007) (citation omitted); *see also Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006) ("[W]here, as here, [the plaintiffs] seek declaratory and injunctive relief, they must demonstrate that they are 'realistically threatened by a *repetition* of the violation.'") (citation omitted); *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1001-02 (9th Cir. 2001) ("[A] plaintiff whose cause of action is perfectly viable in state court under state law may nonetheless be foreclosed from litigating the same cause of action in federal court, if [she] cannot demonstrate the requisite injury" to establish Article III standing).  Thus, if a plaintiff lacks an ongoing relationship with the defendant, she is not entitled to enjoin the defendant's future conduct.  *See Wasco Prods., Inc. v. Southwall Techs., Inc.*, 166 Fed. App'x 910, 911 (9th Cir. 2006) (affirming summary judgment because plaintiff lacked current relationship); *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1021-22 (9th Cir. 2004) (vacating award of injunctive relief where plaintiff had no existing relationship); *Davis*, 2007 WL 1600809, at *2 (granting summary judgment because plaintiff had no ongoing relationship with defendant).

Further, in the class action context, the named plaintiff herself must have Article III standing to seek an injunction if she intends to seek that relief on behalf of the putative class.  *Hodgers-Durgin v. De La Vina*, 199 F.3d 1037, 1040 n.1 (9th Cir. 1999).  The named plaintiff's Article III standing obligations cannot be satisfied by invoking the alleged standing of putative, unnamed, class members.  *Id.* at 1045 ("Unless the named plaintiffs are themselves entitled to seek injunctive relief,

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO RULES 9(B) AND 12(B)(6)
(NO. 2:14-CV-01182) - 17

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

LEGAL123693721.3

they may not represent a class seeking that relief."); *see also Wang v. OCZ Tech. Grp., Inc.*, 276 F.R.D. 618, 626 (N.D. Cal. 2011) ("Allegations that a defendant's continuing conduct subjects unnamed class members to the alleged harm is insufficient if the named plaintiffs are themselves unable to demonstrate a likelihood of future injury."); *Deitz v. Comcast Corp.*, No. C 06-06352 WHA, 2006 WL 3782902, at *4 (N.D. Cal. Dec. 21, 2006) ("Any injury that unnamed members of the proposed class may have suffered is irrelevant to the question whether our named plaintiff is entitled to the injunctive relief he seeks.").

Here, Carnahan alleges she terminated her Game Club subscription approximately two years ago, and claims she has no interest in pursuing a new Game Club subscription. *See* Compl. ¶¶ 33, 41. She does not (and cannot) allege that she will unwittingly enroll herself in Game Club again if the Game Club disclosures are not changed. Carnahan's alleged injuries occurred in the past. *Id.* ¶¶ 33-41. She has not alleged that she would benefit from changes to Big Fish's Game Club disclosures. Given her other allegations, she cannot do so. Because Carnahan has failed to establish that she is likely to suffer harm absent an injunction, she has no standing to pursue that relief, either on behalf of herself or the putative class she represents, and her requests for prospective equitable relief should be dismissed. *See Stickrath v. Globalstar, Inc.*, 527 F. Supp. 2d 992, 997 (N.D. Cal. 2007) (dismissing claim for injunctive relief in putative class action alleging failure to disclose material information regarding satellite telephone service because "Plaintiffs do not allege that they currently subscribe to Defendant's service or that they intend to subscribe in the future, and any injury allegedly suffered as a result of Defendant's conduct appears to lie solely in the past"); *Deitz*, 2006 WL 3782902, at *3 (denying requests for injunctive relief in putative class action alleging inadequate cable service disclosures because plaintiff was no longer a cable subscriber and had failed to demonstrate "definitive likelihood" that he would once again become a subscriber).

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO RULES 9(B) AND 12(B)(6)
(NO. 2:14-CV-01182) - 18

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**D.     The Court Should Dismiss Carnahan's Unjust Enrichment Claim Because She Has An Adequate Remedy at Law**

Unjust enrichment sounds in equity: "'[a] person who is unjustly enriched at the expense of another is liable in restitution to the other.'" *Mazon v. Krafchick*, 158 Wn. 2d 440, 458, 144 P.3d 1168 (2006) (quoting Restatement (Third) of Restitution and Unjust Enrichment § 1 (Discussion Draft Mar. 31, 2000)).  Because it is an equitable claim, the Washington Supreme Court has made clear that unjust enrichment is viable as a standalone claim only when there is no adequate remedy at law.  *Seattle Prof'l Eng'g Emps. Ass'n v. Boeing Co.*, 139 Wn. 2d 824, 839, 991 P.2d 1126 (2000) (explaining that "[t]o the extent the [plaintiffs] . . . had a remedy at law under chapter 49.52 RCW, they are not entitled to pursue a remedy in equity" for unjust enrichment or restitution), *opinion corrected on denial of reconsideration*, 1 P.3d 578 (2000).  This Court, and several others, have reached the same conclusion.  *See Kelley v. Microsoft Corp.*, 251 F.R.D. 544, 551 (W.D. Wash. 2008) (reasoning that "Washington bars recovery for unjust enrichment if the plaintiff has an adequate remedy at law"), *certification withdrawn*, No. C07-0475 MJP, 2009 WL 413509 (W.D. Wash. Feb. 18, 2009); *Orwick v. City of Seattle*, 103 Wn. 2d 249, 252, 692 P.2d 793 (1984) ("Equitable relief is available only if there is no adequate legal remedy.").

Here, the Court should dismiss Carnahan's unjust enrichment claim because she has pled another remedy at law: her CPA claim.  The operative facts underlying each are the same: Carnahan alleges that Big Fish failed to make certain disclosures, and that she was deceived into purchasing a subscription as a result.  *Compare* Compl. ¶ 70 (CPA claim alleging that as a result of Big Fish's alleged omissions "Plaintiff and the Class members were injured . . . in that they were charged or paid monthly membership fees") *with id.* ¶ 75 (unjust enrichment claim alleging that she "conferred a benefit" upon Big Fish when Big Fish "received and retained . . . money by charging [her] monthly fees for membership in the Big Fish Game Club based on omitting key information").  By pleading a

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO RULES 9(B) AND 12(B)(6)
(NO. 2:14-CV-01182) - 19

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

LEGAL123693721.3

CPA claim based on the same conduct as her unjust enrichment claim, Carnahan has conceded she has an adequate remedy at law.[2]

The analysis would be the same even if Carnahan failed to obtain relief under the CPA.  The Washington Supreme Court has made clear that the legally significant point is not whether a plaintiff ultimately succeeds in pursuing a particular legal remedy, but whether an adequate remedy at law was available in the first place.  *Seattle Prof'l Eng'g Emps. Ass'n*, 139 Wn. 2d at 838-39.  Carnahan's success on her CPA claim therefore is irrelevant to the viability of her unjust enrichment claim.  Rather, what matters at this stage is that she seeks statutory relief under the CPA for the same conduct that forms the basis of her unjust enrichment claim, which renders the latter moot.

### E.   The Court Should Dismiss Carnahan's Unfair or Deceptive Practices/Consumer Fraud Claim Because It Is Duplicative of Her CPA Claim

To establish consumer deception or fraud, Carnahan must plead facts establishing that deception occurred.  *Stiley v. Block*, 130 Wn. 2d 486, 505, 925 P.2d 194 (1996) (elements of fraud include pleading false statement relied on by plaintiff); *see also* Compl. ¶ 55 (alleging intent to deceive).  Carnahan's unfair or deceptive practices/consumer fraud claim therefore fails for the same reason as her CPA claim:  she has not pled facts that show the challenged actions were unfair or deceptive.  *See supra* section III. B.  Moreover, this Court should dismiss Carnahan's consumer fraud claim for the additional reason that it is rendered superfluous, and so subject to dismissal, by Carnahan's CPA claim.

Rule 12 allows the Court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f); *see also* 61A Am. Jur. 2d *Pleading* § 438 (2010) (noting that "a claim that merely recasts the same elements under the guise of a different theory may be stricken as redundant").  In this case, both of Carnahan's claims are

---

[2] Indeed, should Carnahan prevail on her CPA claim, the relief she seeks is more than she would obtain under an unjust enrichment theory.  *Compare id.* ¶ 72 (seeking "actual damages and treble damages, together with the costs of suit including reasonable attorneys' fees" under the CPA) *with id.* ¶ 78 (seeking "restitution" and "attorney's fees and costs" for unjust enrichment).

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO RULES 9(B) AND 12(B)(6)
(NO. 2:14-CV-01182) - 20

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

grounded in Washington state law.  When one claim is superfluous of another and provides no additional rights or remedies, Washington courts have routinely dismissed the unnecessary and redundant claim.  *Anaya v. Graham*, 89 Wn. App. 588, 596, 950 P.2d 16 (1998) (a plaintiff's claim may be dismissed as redundant if the claim effectively duplicates another claim on which the plaintiff may obtain relief); *see also LaPlant v. Snohomish Cnty.*, 162 Wn. App. 476, 480-81, 271 P.3d 254 (2011) (dismissing negligent supervision claim as "redundant" and "superfluous" where plaintiff already alleged vicarious liability because "[b]oth causes of action rest upon [the same] determination" on the facts and law); *Gilliam v. Dep't of Soc. & Health Servs.*, 89 Wn. App. 569, 585, 950 P.2d 20 (affirming dismissal of plaintiff's claim on the basis that it was "redundant" of another claim).

Here, Carnahan's consumer fraud claim makes the same legal and factual allegations as her consumer protection claim: namely, that Big Fish's alleged omissions were "unfair or deceptive." *Compare* Compl. ¶ 60 (alleging for her consumer fraud claim that she is entitled to relief "as a result of Big Fish's unfair or deceptive practices") *with id.* ¶ 71 (alleging for her CPA claim that she is entitled to relief because of "Big Fish's unfair or deceptive conduct").  Carnahan must prove the same thing for both claims: that Big Fish omitted a material fact during the purchase process, and that this omission was deceptive as a matter of law.  The remedies for each claim also overlap: the relief Carnahan seeks for her consumer fraud claim is among the relief she seeks for her CPA claim. *Compare id.* ¶ 60 (seeking "damages for the charges [Plaintiff] incurred . . . as well as attorneys' fees, costs, and expenses" for consumer fraud) *with id.* ¶ 72 (seeking injunction, actual damages, treble damages, and attorneys' fees and costs under CPA).  Accordingly, because Carnahan's state law claim for "consumer fraud" merely duplicates her state law CPA claim, and confers no additional rights or remedies, the Court should dismiss the consumer fraud claim as superfluous.  *See Anaya*, 59 Wn. App at 596 ("In this case, therefore, the outrage claim duplicates the discrimination claim.  We affirm the dismissal on that basis[.]"); *see also Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188,

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO RULES 9(B) AND 12(B)(6)
(NO. 2:14-CV-01182) - 21

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

LEGAL123693721.3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

1193 n.3 (9th Cir. 1989) (plaintiff failed to state a claim for false light since her allegations were

"'sufficiently duplicative of libel'"''' and therefore "subsumed in her libel claims") (citation omitted);

*Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2012 WL 395734, at *5 (W.D. Wash. Feb. 6,

2012) (dismissing party's request for relief as "entirely redundant of claims found elsewhere in this

litigation").

## F.    The Court Should Dismiss Carnahan's Claims for Failure to Satisfy the Heightened Pleading Standard Required by Rule 9(b)

Federal Rule of Civil Procedure 9(b) provides that "[i]n alleging fraud or mistake, a party

must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

This particularity requirement seeks to protect defendants against baseless claims of fraud.  *See*

*Berson v. Applied Signal Technology, Inc.*, 527 F.3d 982, 990 (9th Cir. 2008); *see also Kearns v.*

*Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (explaining that Rule 9(b) specificity intended

to provide a defendant with notice, and to demand adequate factual basis for claim given seriousness

of fraud allegations).  To sufficiently allege the "circumstances constituting fraud," a plaintiff must

include the "who, what, when, where, and how" of the misconduct charged.  *Ebeid ex rel. United*

*States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010); *see also* CR 9(b); *Haberman v. WPPSS*, 109

Wash. 2d 107, 165, 744 P.2d 1032, 750 P.2d 254 (1987), *appeal dismissed*, 488 U.S. 805 (1988)

(Washington law requires complaint to plead circumstances of fraud with particularity); *Stiley*, 130

Wash. 2d at 505 (establishing nine specific elements of fraud plaintiff must plead).  Speculative

allegations based on mere conclusions, unwarranted factual deductions or unreasonable inferences

will not suffice to avoid dismissal.  *Manufactured Home Cmtys., Inc. v. City of San Jose*, 420 F.3d

1022, 1035 (9th Cir. 2005); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

All of Carnahan's claims sound in fraud.  *See* Compl. ¶ 55, 64-65, 75 (each claim relying on

alleged fraudulent statements and omissions).  The allegations supporting Carnahan's claims merely

offer a false account of Big Fish's current enrollment process, vague references to Carnahan's own

experience, and a formulaic recitation of the elements of fraud.  *See* Compl. ¶¶ 53-55, 57-59.  This

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

fails Rule 9(b)'s requirement to plead fraud with specificity, and accordingly the Court should dismiss the Complaint for this additional reason. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003) (claims that "sound" in fraud must be pled with specificity required by Rule 9(b)); *Gutierrez v. Cort*, No. C10-1072Z, 2010 WL 5300574 at *1 (W.D. Wash. Dec. 21, 2010) ("The plaintiff is obligated to provide grounds for his entitlement to relief that amount to more than just . . . a formulaic recitation of the elements of a [fraud] cause of action."); *Hewitt v. Wells Fargo Bank*, No. C11-5147BHS, 2011 WL 2144627, at *2 (W.D. Wash. May 31, 2011) (dismissing fraud claim because plaintiff failed to allege specific facts in support).

The Complaint attacks Big Fish's alleged current practices and contends that Carnahan's experience was "substantially similar" to what the Complaint purports to describe. *See* Compl. ¶¶ 11 n.2 (reviewing Big Fish's website on July, 21, 2014, two weeks before filing of Complaint); *id.* ¶¶ 13-24 (alleging, in present tense, information displayed during sign-up process); *id.* Prayer for Relief ¶ c (seeking injunction preventing Big Fish from "*continuing* the challenged conduct") (emphasis added); *id.* ¶ 33 (Carnahan's experience "substantially similar" to description in Complaint). Accordingly, Big Fish directs this Motion to Carnahan's allegations with respect to Big Fish's current practices, and her claims fail for the reason already stated: Big Fish does provide the very disclosures Carnahan alleges are omitted. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1035 (9th Cir. 2009) ("[F]or purposes of a motion to dismiss under Rule 12(b)(6), we take at face value the allegation in the complaint.").

But if the Court were to infer that Carnahan's "substantially similar" experience referred to something other than Big Fish's current practices, then dismissal under Rule 9(b) would be even more appropriate. *See cf. Huong Hoang v. Amazon.com, Inc.*, No. C11-1709MJP, 2012 WL 1088165 (W.D. Wash. Mar. 30, 2012) (dismissing fraud claim due to plaintiff's failure to allege with specificity whether current versus prior terms of service applied to plaintiff's claims). If Carnahan is basing her claims on an experience that she contends is similar, but not identical to Big Fish's alleged

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO RULES 9(B) AND 12(B)(6)
(NO. 2:14-CV-01182) - 23

LEGAL123693721.3

current practices, then she has utterly failed to allege the "who, what, when, where, and how" of the misconduct charged -- she alleges no facts identifying when she enrolled, what she saw and read at that time, how such disclosures were intended to deceive her, or whether and to what extent she reasonably relied on them. *See* Compl. ¶¶ 33-41. These details are critical to the viability of each of Carnahan's claims.

This Court confronted a similar situation in *Hoang*. *See* 2012 WL 1088165 at *4. In that instance, the plaintiff's fraud allegations relied on the current subscriber agreement because she did not "have access to the original agreement or know what the original contract said." *Id.* at *4. The Court found the plaintiff's reliance on present-day facts to describe her past experience insufficient, and dismissed the plaintiff's fraud claim. *Id.* ("This lack of information about the wording of the operative contract is illustrative of a broader lack of specificity in Plaintiff's complaint, which is fatal to her fraud claim."). This Court should likewise dismiss Carnahan's claims for failing to comply with the specificity requirements of Rule 9(b).

## IV.   CONCLUSION

The Complaint is based entirely on a false depiction of the disclosures Big Fish makes in connection with Game Club subscriptions. This Court should dismiss the Complaint for the reasons discussed above. Even if the Court does not dismiss Carnahan's CPA claim, it should dismiss her claim for prospective equitable relief because she lacks standing to seek such relief; it should dismiss her unjust enrichment claim because Carnahan's CPA claim provides an adequate remedy at law; and it should dismiss her unfair or deceptive practices/consumer fraud claim because it is duplicative of Carnahan's CPA claim. Finally, if the Court does not dismiss Carnahan's claims on the merits, it should dismiss them for failure to comply with the heightened pleading standards of Rule 9(b).

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO RULES 9(B) AND 12(B)(6)
(NO. 2:14-CV-01182) - 24

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

DATED:  October 8, 2014          **PERKINS COIE LLP**


By:*/s/ Susan D. Fahringer*
_____
    Susan D. Fahringer, WSBA No. 21567
    SFarhinger@perkinscoie.com
    Charles C. Sipos, WSBA No. 32825
    CSipos@perkinscoie.com
    Abha Khanna, WSBA No. 42612
    AKhanna@perkinscoie.com
**Perkins Coie LLP**
    1201 Third Avenue, Suite 4900
    Seattle, WA 98101-3099
    Telephone: 206.359.8000
    Facsimile: 206.359.9000

    Attorneys for Defendant
    Big Fish Games, Inc.

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO RULES 9(B) AND 12(B)(6)
(NO. 2:14-CV-01182) - 25

LEGAL123693721.3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

**CERTIFICATE OF SERVICE**

On October 8, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record:

Clifford A. Cantor
Law Offices of Clifford A. Cantor, PC
627 208th Avenue SE
Sammamish, WA  98074-7033
Email: cacantor@comcast.net

Benjamin H. Richman
Edelson PC
350 North Lasalle Street, Suite 1300
Chicago, IL 60654
312-589-6370
Email: brichman@edelson.com

Eve-Lynn Rapp
Edelson PC
350 North Lasalle Street, Suite 1300
Chicago, IL 60654
312-589-6370
Email: erapp@edelson.com

Jay Edelson
Edelson PC
350 North Lasalle Street, Suite 1300
Chicago, IL 60654
312-589-6370
Email: jedelson@kamberedelson.com

Rafey S. Balabanian
Edelson PC
350 North Lasalle Street, Suite 1300
Chicago, IL 60654
312-589-6370
Email: rbalabanian@edelson.com

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 8th day of October, 2014.

 s/ Abha Khanna
Abha Khanna, WSBA No. 42612
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email:  AKhanna@perkinscoie.com

*Attorney for Defendant Big Fish Games, Inc.*

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO RULES 9(B) AND 12(B)(6)
(NO. 2:14-CV-01182) - 26

LEGAL123693721.3