THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROLYN CARNAHAN, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>BIG FISH GAMES, INC., a Washington Corporation<br><br>                Defendant. | No. 2:14-cv-01182<br><br>DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULES 12(b)(6) AND 9(b)<br><br>Noted for Consideration: November 14, 2014 |

## I.    REQUEST FOR JUDICIAL NOTICE

Defendant Big Fish Games, Inc. ("Big Fish") hereby respectfully requests that the Court take judicial notice of the screenshots attached as Exhibit A to the Declaration of Charles C. Sipos in Support of Defendant's Request for Judicial Notice. This request is made in connection with Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b).

Federal Rule of Evidence 201 provides that a fact is subject to judicial notice if it is one "not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(1). Judicially noticeable materials may be considered when

DEFENDANT'S REQUEST FOR JUDICIAL
NOTICE (NO. 2:14-CV-01182) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

LEGAL123599065.1

adjudicating a motion to dismiss. *In re Washington Mutual, Inc. Sec's Litig.*, 259 F.R.D. 490, 495 (W.D. Wash. 2009).

     Big Fish requests that this Court take judicial notice of the key webpages that are displayed to customers during the sign-up process for the Big Fish Game Club and which Plaintiff fails to include in her Complaint. These screenshots are the proper subject of judicial notice because various steps of the enrollment process on Big Fish's website are referenced at length in the Complaint. Indeed, the Complaint not only includes detailed descriptions of the website and sign-up process, select screenshots are pasted directly into the allegations. Compl. ¶¶ 13-22.

     The Ninth Circuit takes an "expansive view" of the incorporation by reference doctrine, recognizing that "[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The purpose of this expansive approach is to prevent plaintiffs from surviving a motion to dismiss "by deliberately omitting . . . documents upon which their claims are based." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (internal quotation marks and citation omitted); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them."). "The rationale of the 'incorporation by reference' doctrine applies with equal force to internet pages as it does to printed material. Just as a reader must absorb a printed statement in the context of the media in which it appears, a computer user necessarily views web pages in the context of the links through which the user accessed those pages." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

     Where, as here, a plaintiff's complaint is based on the defendant's alleged disclosures or lack thereof, a court should judicially notice the screenshots containing those disclosures. *See Ozuna v. Home Capital Funding*, 2009 WL 4544131, at *3 (S.D. Cal. Dec. 1, 2009) (noticing

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE (NO. 2:14-CV-01182) – 2

LEGAL123599065.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

documents relating to loan origination where plaintiff's complaint "relie[d] on the[] notices and disclosures, or the lack thereof"); *see also In re AIG Advisor Group Sec. Litig.*, 2009 WL 382355, at *2 (2d Cir. Feb. 13, 2009) (recognizing that website disclosures incorporated by reference addressed the issue "at the heart of plaintiffs' complaint" and thus "barr[ed] any claim based thereon").  Here, Plaintiff extensively refers to and bases her claims on Big Fish's website and (allegedly omitted) disclosures.  *See, e.g.*, Compl. ¶ 12 (alleging "BFG omits informing its customers adequately about the monthly recurring fees"); *id.* ¶ 17 ("BFG omits any information whatsoever about the ongoing charges that the consumer is unwittingly signing up for."); *id.* ¶ 19 (alleging "BFG omitted the key information that the membership program has an ongoing monthly cost"); *id.* ¶ 21 ("BFG provides no warning whatsoever during the checkout process that the customer will be charged on a monthly recurring basis."); *id.* ¶ 22 ("The only way that consumers could possibly discover the true terms of BFG's membership program . . . is if he or she (1) actually notices the additional item in their checkout 'Cart,' and (2) takes affirmative steps to click on a small hyperlink labeled 'See Details' . . . .").  Because Plaintiff's Complaint is replete with references to Big Fish's website and disclosures—and in fact hinges on Big Fish's alleged failure to disclose the monthly fee of its membership program—those disclosures have been incorporated by reference and are properly the subject of judicial notice.

     For the foregoing reasons, Exhibit A may be properly considered by the Court in ruling on Defendant's Motion to Dismiss.

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE (NO. 2:14-CV-01182) – 3

LEGAL123599065.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

DATED: October 8, 2014

*/s/ Susan D. Fahringer*
Susan D. Fahringer, WSBA No. 21567
SFahringer@perkinscoie.com
Charles C. Sipos, WSBA No. 32825
CSipos@perkinscoie.com
Abha Khanna, WSBA No. 42612
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Defendant Big Fish Games, Inc.

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE (NO. 2:14-CV-01182) – 4

LEGAL123599065.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# CERTIFICATE OF SERVICE

On October 8, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record:

Clifford A. Cantor
Law Offices of Clifford A. Cantor, PC
627 208th Avenue SE
Sammamish, WA 98074-7033
Email: cacantor@comcast.net

Benjamin H. Richman
Edelson PC
350 North Lasalle Street, Suite 1300
Chicago, IL 60654
312-589-6370
Email: brichman@edelson.com

Eve-Lynn Rapp
Edelson PC
350 North Lasalle Street, Suite 1300
Chicago, IL 60654
312-589-6370
Email: erapp@edelson.com

Jay Edelson
Edelson PC
350 North Lasalle Street, Suite 1300
Chicago, IL 60654
312-589-6370
Email: jedelson@kamberedelson.com

Rafey S. Balabanian
Edelson PC
350 North Lasalle Street, Suite 1300
Chicago, IL 60654
312-589-6370
Email: rbalabanian@edelson.com

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 8th day of October, 2014.

 s/ Abha Khanna
Abha Khanna, WSBA No. 42612
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: AKhanna@perkinscoie.com

*Attorney for Defendant Big Fish Games, Inc.*

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE (NO. 2:14-CV-01182) – 5

LEGAL123599065.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000